## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

**UNITED STATES OF AMERICA,**  **Case No. 1:22-CR-239**

        **Plaintiff,**

        **-vs-**  **JUDGE PAMELA A. BARKER**

**LOUCANE MCCORMICK,**

        **Defendant.**  **MEMORANDUM OPINION & ORDER**

Currently before the Court is the United States of America's Motion *In Limine* as to Expert Julie Heinig, filed on September 14, 2023.  (Doc. No. 71.)  On September 15, 2023, Defendant Loucane McCormick filed a Response.  (Doc. No. 73.)  For the following reasons, the Court DENIES the Government's Motion.

### Background and Arguments

On September 11, 2023, McCormick filed a Notice of Expert Testimony of Julie Heinig, Ph.D., a DNA expert.  (Doc. No. 60.)  With the Notice, McCormick disclosed Heinig's report, which reads, in relevant part:

> When DNA is detected on an item of evidence it is not known when or how the DNA was deposited onto the sample.  In this case the source of the DNA on the interior waistband and tag could be from skin cells or sweat that was deposited onto the pants while wearing them or by touching them.  When a sample has a mixed DNA profile from multiple contributors the order or timing the DNA was deposited onto the sample from each contributor is not known.
>
> . . .
>
> The focus of my review is to ensure that the appropriate methodology was used during DNA analysis and that the results support the conclusions.  I agree with the findings from BCI in this case.

(Doc. No. 60-2.)  In its Motion, the Government argues that the first paragraph is "speculation," and that Heinig did not "rely[] on the facts that are in evidence as a basis for her opinion."  (Doc. No. 71, PageID # 480.)  As to the second paragraph, the Government argues that it does not "contain any opinion as to whether [Heinig] concluded Ohio BCI's methodology was appropriate."  (*Id*. at PageID # 476.)  The Government asks that the Court either entirely exclude Heinig's testimony or limit it to the information disclosed in her report.  (*Id*. at PageID # 473.)

McCormick responds that Heinig will not testify about BCI's methodology and whether it was appropriate.  Rather, she will be on standby to "rebut[] testimony of the government's DNA expert, should that expert offer an opinion on how or when Mr. McCormick's DNA was deposited on the pants."  (Doc. No. 73, PageID # 488.)

### Law and Analysis

Federal Rule of Criminal Procedure 16(b)(1)(C)(iii) provides, in relevant part:

Contents of the Disclosure.  The disclosure for each expert witness must contain:
- a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;
- the bases and reasons for them;
- the witness's qualifications, including a list of all publications authored in the previous 10 years; and
- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Additionally, Federal Rule of Evidence 702 provides that a qualified expert "may testify in the form of an opinion or otherwise if . . . the testimony is based on sufficient facts or data." Fed. R. Evid. 702(b).

As Heinig will not offer testimony regarding BCI's methodology, that portion of the Government's Motion is moot.  That leaves the question of whether Heinig's opinion about

2

when and how McCormick's DNA was deposited on the pants was (a) sufficiently disclosed under Fed. R. Crim. P. 16 and (b) based on sufficient facts or data under Fed. R. Evid. 702.

First, McCormick's disclosure is sufficient insofar as it is a "complete statement" of Heinig's opinion that McCormick may elicit from her in his case-in-chief.  Fed. R. Crim. P. 16(b)(1)(C)(iii).

Second, it is true that an expert's opinion cannot rely on "unsupported speculation." *United States v. Anderson*, 67 F.4th 755, 768 (6th Cir. 2023) (citation omitted).  But McCormick writes that he will only call Heinig if the Government's witness fails to "admit[] to the limitations of what is known about how or when the DNA was deposited on the pants." (Doc. No. 73, PageID # 489.)  In other words, McCormick will only call Heinig to refute any speculative opinions offered by the Government expert regarding how or when the DNA was deposited on the pants.  That is admissible testimony.

Accordingly, the Government's Motion *In Limine* as to Expert Julie Heinig is DENIED.

**IT IS SO ORDERED.**

  *s/Pamela A. Barker*
PAMELA A. BARKER
Date:  September 15, 2023  U. S. DISTRICT JUDGE

3